United States District Court
Southern District of Texas
**ENTERED**
February 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE ALVARADO ZAMARRIPA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:17-cv-208 |
| | § | |
| DOLORES VILLA *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

The Court has twice ordered Plaintiff to provide the Clerk of Court his current address. (Dkt. No. 27, 30). Plaintiff has failed to comply with these Orders. For the reasons set forth below, the undersigned will recommend that this case be dismissed for failure to prosecute.

Plaintiff filed a § 1983 Prisoner's Civil Rights Complaint on October 2, 2017. (Dkt. No. 1). In that pleading, Plaintiff provided his contact information as a mailing address at the Polk Detention Facility in Livingston, Texas, where Plaintiff was an inmate. In the most recent filing by Plaintiff on May 7, 2018 (Dkt. No. 18), he again identified his mailing address as:

Polk Detention Facility
3400 FM 350 South
Livingston, Texas 77351

On July 25, 2018, mail sent to Plaintiff by the Clerk of Court was returned to the Clerk of Court with a notation that Plaintiff had been released from the Polk Detention Facility. (Dkt. No. 23; *See also*, Dkt. Nos. 24-26).

On November 20, 2018, the Court ordered Plaintiff to provide the Clerk of Court his current address by December 20, 2018. (Dkt. No. 27). Plaintiff, however, did not comply with the Court's Order. On January 4, 2019, the Court again ordered Plaintiff to update his address by February 4,

1

2019, and again Plaintiff failed to do so. (Dkt. No. 30). In both Orders, the Court admonished Plaintiff that, "Failure to comply with this Order may result in dismissal of the case for failure to prosecute." (*Id.*). Plaintiff's whereabouts remain unknown. Neither the Court nor the Clerk of Court has received any contact from Plaintiff, written or otherwise, since his last filing on May 7, 2018 (Dkt. No. 18).

The Court cannot proceed with Plaintiff's case if he is unwilling to participate as a litigant. *See McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988) (a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order). Generally, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Feliz v. United States*, No. 7:11-CR-1638-1, 2016 WL 6581337, at *3 (S.D. Tex. Oct. 10, 2016) (quoting *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004)). This requirement is reflected in the Court's local rules, which provide, "A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." S.D. Tex. L.R. 83.4. Here, Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4, despite warnings from the Court that failure to do so may result in dismissal of his claims for want of prosecution. (Dkt. No. 28, 30). Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4, this case may be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007) (failure of a pro se litigant to notify the district court of an address change may be cause for dismissal for failure to prosecute).

Accordingly, the undersigned recommends that Plaintiff's claims be DISMISSED without prejudice and that this case be CLOSED.

**Notice of Right to Object**

The parties may file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). If a party objects within fourteen days after receiving service of this Report, the District Court will review *de novo* the findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150. Furthermore, if the parties do not object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error. *Douglass*, 79 F.3d at 1428.

SIGNED on February 5, 2019, at Laredo, Texas.

_____
John A. Kazen
United States Magistrate Judge